IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW WILKINS,<br>*Plaintiff,*<br><br>v.<br><br>GOLD N' DIAMONDS, INC.,<br>*Defendant.* | Case No. 24-cv-2926 |

**MEMORANDUM**

COSTELLO, J.                                                                                                        January 21, 2025

Plaintiff Andrew Wilkins brings this action against Defendant Gold N' Diamonds, Inc. ("GND") for an alleged violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101 *et seq*.[1]  Before the Court is GND's Motion to Dismiss the Amended Complaint. For the reasons stated below, the Court will grant the motion.[2]

In the Amended Complaint, Plaintiff, on behalf of himself and all others similarly situated, alleged that GND owns a website that is not accessible to him and others who are visually impaired and legally blind.  Under Title III of the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).

---

[1]   The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

[2]   The Court is writing for the parties and will assume their familiarity with the facts, nature of the case, and established legal standards.

GND moved to dismiss the Amended Complaint, arguing that Plaintiff failed to identify a place of public accommodation for purposes of the ADA. GND is correct. A "public accommodation" requires a physical place. *See Ford v. Schering-Plough Corp.*, 145 F.3d 601, 613 (3d Cir. 1998); *see also Peoples v. Discover Fin. Servs., Inc.*, 387 F. App'x 179, 183 (3d Cir. 2010). "A website, by itself, is not a physical location and therefore does not constitute a place of public accommodation" under the ADA. *Mahoney v. Bittrex, Inc.*, No. 19-3836, 2020 WL 212010, *2 (E.D. Pa. Jan. 14, 2020); *Walker v. Sam's Oyster House, LLC*, No. 18-193, 2018 WL 4466076, at *2 (E.D. Pa. Sept. 18, 2018) ("A website is not a physical location and therefore does not constitute a place of public accommodation under Section 12182(a) of the ADA."); *see also Tawam v. APCI Fed. Credit Union*, No. 18-122, 2018 WL 3723367, at *6 (E.D. Pa. Aug. 6, 2018) (citing statutory definition of "public accommodation" in support of conclusion that the defendant's physical location, rather than its website, was the place of public accommodation).

When access barriers on a website are involved, a plaintiff must allege that the injury suffered on the defendant's website prevented the plaintiff from using the goods and services at the physical place of public accommodation. *See Walker*, 2018 WL 4466076, at *2. In other words, there must be "some nexus between the services or privileges denied and the physical place…." *Mahoney v. Herr Foods Inc.*, No. 19-5759, 2020 WL 1979153, *2 (E.D. Pa. Apr. 24, 2020) (quoting *Menkowitz v. Pottstown Mem'l Med. Ctr.*, 154 F.3d 113, 122 (3d Cir. 1998)).

Here, the Amended Complaint does not specify a physical location. Plaintiff's allegation that GND "maintains physical locations near Plaintiff" is not sufficient. Am. Compl. ¶¶ 19, 20, 43. While Plaintiff argues in his response that "there is a physical location in Willow Grove, Pennsylvania," this statement does not solve Plaintiff's pleading issue. *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that

the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (internal quotations and citations omitted). Because Plaintiff has failed to allege a nexus between the website and a specific, identifiable physical place of public accommodation owned, leased, or operated by GND, the Amended Complaint must be dismissed.

      An appropriate Order follows.

**BY THE COURT:**

_____
MARY KAY COSTELLO, J.
